UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mohit Tandon<br><br>      Plaintiff,<br><br>v.<br><br>Attorney General of the United States,<br>Merrick Garland, *in his official capacity*,<br><br>      Defendant. | Case No. _____<br><br><br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, seeking to declare that the Federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.*, does not apply to Plaintiff's federal offense of conviction because SORNA's consent exception applies to Plaintiff's conduct, obviating SORNA's registration requirement.

## PARTIES

2. Plaintiff is a citizen of Texas who resides in Sugar Land, Texas.

3. Defendant Merrick Garland is the Attorney General of the United States and is sued in his official capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. The Court may enter declaratory judgment in this case pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391, because Plaintiff resides in the district and Defendant is an officer of the United States of America.

## BACKGROUND

6. On May 16, 2017, Plaintiff was indicted in the District of Minnesota on charges of Conspiracy to Commit Sex Trafficking, Conspiracy to Commit Transportation to Engage in Prostitution, Conspiracy to Engage in Money Laundering, and Conspiracy to Use a Communication Facility to Promote Prostitution. The indictment alleged Plaintiff participated in a conspiracy involving several dozen individuals, with different roles and levels of involvement in the conspiracy, to bring women from Thailand to the United States to engage in prostitution.

7. On December 19, 2017, Plaintiff pleaded guilty to Conspiracy to Commit Transportation to Engage in Prostitution, in violation of 18 U.S.C. §§ 2421 and 371, and Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h).

8. The factual basis for Plaintiff's plea set forth, *inter alia*, that Plaintiff's involvement in the conspiracy consisted of (1) renting two apartments for use by other conspirators to engage in prostitution and (2) writing positive online reviews of sex workers.

9. The plea agreement stated: "Defendant understands that by pleading guilty, the defendant may be required to register as a sex offender as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life."

10. On December 2, 2017, Plaintiff was sentenced to one year and a day of incarceration in the Bureau of Prisons, and three years of supervised release.

11. Plaintiff's conditions of supervised release included the following: (1) sex offender risk assessment and/or mental health treatment; (2) obtain and work with an SAA (Sex Addicts Anonymous) sponsor; (3) participate in SAA or 12-step program; (4) community service; (5) financial disclosure; and (6) no new credit.

12. On December 5, 2019, Plaintiff filed a "Motion to Clarify Sentence" to determine whether the sentencing court intended that SORNA apply to his conviction.

13. The sentencing court issued an order on December 13, 2019, stating that conspiracy to commit transportation for purposes of prostitution fell with in the "Tier I" offender category of 34 U.S.C. § 20911(2) because the statute of conviction fell within the enumerated statutes to which SORNA applies. Accordingly, the sentencing court stated it would require the following condition: "You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense."

14.     After issuing its Order on Plaintiff's Motion to Clarify, the sentencing court issued its sentencing Judgment, which included checking "Box 6" on the boilerplate sentencing judgment form, which provides: "You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)".

15.     SORNA requires sex offenders to register, and to keep their registrations current, in each jurisdiction where they reside, work, and attend school. 42 U.S.C. § 16913.

16.     An individual who fails to register pursuant to SORNA may be subject to federal criminal liability pursuant to 18 U.S.C. § 2250.

17.     SORNA's definition of a "sex offense" includes: a criminal offense that has an element involving a sexual act or sexual contact with another, a federal offense under chapter 117 of Title 18, or an attempt or conspiracy to commit any sex offense as defined by SORNA.  42 U.S.C. § 16911(1).

18.     SORNA excludes from its definition of a sex offense those offenses "involving consensual sexual conduct" if the victim was an adult.   42 U.S.C. § 16911(5)(C).

19.     Specifically, SORNA provides: "an offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult . . ."

20. The term "offense involving consensual sexual conduct" refers to the offense conduct of the convicted individual, and not to any other individual or conspirator.

21. This is because SORNA's purpose is to "protect against those who use fear to induce others to agree to sexual activity." *United States v. Alexander*, 802 F.3d 1134, 1140 (10th Cir. 2015).

22. The Department of Justice's Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking has clarified: "SORNA does not require registration in the following situations: (1) If both participants are adults, and neither is under the custodial authority of the other (e.g., inmate/prison guard) and the **conduct** was consensual, then this **conduct** does not constitute a registerable sex offense for the purposes of [SORNA]. . . ."[1]

23. The sentencing court did not consider, determine, or make any findings with respect to SORNA's consent exemption, which controls whether SORNA requires Plaintiff's registration.

24. Other courts have held that Conspiracy to Commit Transportation to Engage in Prostitution in violation of 18 U.S.C. §§ 2421 – Plaintiff's offense of conviction – does not trigger SORNA where the defendant did not engage in any coercive conduct. *See, e.g., United States v. Quan Tu*, No. 03:12-CR-00339-HZ, 2012 WL 5603631, at *5 (D. Or. Nov. 15, 2012).

---

[1] https://smart.ojp.gov/sorna/current-law

25. Plaintiff's acts of renting apartments for use by sex workers and providing online reviews of sex workers were not coercive and thus fall within SORNA's exception for "consensual" offenses. Moreover, Plaintiff does not fall within the category of individuals for whom SORNA was created: "those who use fear to induce others to agree to sexual activity." *Id.*; *c.f. Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *5, n. 1 (5th Cir. Jan. 6, 2022) (Oldham, J., concurring) ("Pierre attempted to transport an adult for prostitution, and no element of his crime constituted non-consensual conduct. So his offense falls under the [consent] exemption, meaning federal law does not require him to register.").

26. Plaintiff was released from federal prison into a halfway house on September 22, 2024.

27. Plaintiff was released from the halfway house and began serving his three-year term of supervised release on October 9, 2020.

28. Plaintiff has completed and been discharged from federal supervised release.

29. As a condition of supervised release, federal probation required that Plaintiff sign an "Offender Notice and Acknowledgement of Duty To Register As a Sex Offender," which he signed on October 27, 2020. The Notice purports to inform Plaintiff, among other things, that failure to register pursuant to SORNA will expose him to federal criminal liability under 18 U.S.C. § 2250.

30. Plaintiff was later notified in 2020 by the Texas Department of Public Safety ("Texas DPS") that due to the SORNA requirement imposed by the sentencing judge, he

would be required to register as a sex offender in Texas. Failing to register while he resided in Texas would constitute a felony under Texas law.

31. Texas DPS does not independently investigate or evaluate whether an individual with a federal conviction is required to register as a sex offender or determine whether an individual's conviction satisfies the "lack of consent" element required for SORNA to require registration. If Box 6 is checked, Texas requires registration regardless of individual defendant circumstances.

32. Absent the checking of Box 6 on Plaintiff's sentencing judgment, Texas DPS would not require Plaintiff's registration. That is, there is no independent basis under Texas law requiring Plaintiff's sex offender registration.

33. On January 1, 2021, Plaintiff signed the first in a series of annual offender registration forms required by the Texas Department of Public Safety.

34. Plaintiff has continued to register annually as required by the Texas DPS, though he has done so under protest.

35. In addition to the stigma of registration, Plaintiff has been negatively impacted economically and in his ability to travel in the United States and internationally due to the Texas DPS requirement that he register as a sex offender based on his rental of two apartments and publishing online sex worker reviews.

36. Because Plaintiff's contact information is publicly available through the sex offender database, Plaintiff is subjected to phone fraud scams by individuals posing as law enforcement claiming that Plaintiff is in violation of registration requirements and demanding payment, as well as other extortionate threats.

37. Plaintiff's spouse is Canadian. Because of Plaintiff's status as a sex offender, he is unable to travel with her to Canada to visit family. He is similarly unable to visit members of his own family who live in India, Australia, or the United Kingdom, as they all bar entry for registered sex offenders.

38. Plaintiff's parents purchased a home in Florida, but Florida restricts visits by out-of-state registered sex offenders to 72 hours per year, so Plaintiff is able to visit his parents only on an extremely limited basis.

39. Plaintiff, who holds a medical degree, can no longer practice as a physician.

40. In 2011, Plaintiff became vice president of his family-owned formal wear business. Because of the social stigma surrounding Plaintiff's status as a registered sex offender, he had to relinquish his ownership interest in the family business or risk economic damage to the business. The restrictions on Plaintiff's travel have further impeded his ability to participate in the business.

41. Business competitors of Plaintiff's family business have spread information regarding Plaintiff's status as a registered sex offender to gain competitive advantage.

42. As a practical matter, Plaintiff's father will not be able to leave him the family business, or otherwise include Plaintiff in business succession planning because of these issues, making it more likely that he will be forced to sell the business outside the family.

43. Plaintiff started his own real estate business but is precluded from buying or managing certain properties because of his status as a registered sex offender, which has limited the economic prospects of the business.

44. Many Homeowners' Associations have restrictions on the ability of registered sex offenders to live in their community; similarly, state restrictions exist that preclude sex offenders from living within certain distances of schools, parks, and other areas, all of which limits where Plaintiff and his family can live.

45. Plaintiff cannot even approach the schools and day care centers where his daughter will receive care, due to his status as a registered sex offender. This precludes him from participating fully in his child's education and materially limiting his role as her parent.

46. Plaintiff is unable to use certain social media platforms due to his status, which restricts his speech and limits his ability to associate with family and friends.

## COUNT I
### Declaratory Judgment – Inapplicability of Statute

47. Plaintiff incorporates the allegations set forth in paragraphs 1-46 as if set forth fully herein.

48. SORNA does not apply to Plaintiff because his conduct falls within SORNA's statutory consent exemption, as described above.

49. Despite the fact that SORNA does not apply to him, Plaintiff must continue to register as a sex offender in Texas or face criminal prosecution under both federal and state law for failure to register.

50. For these reasons, Plaintiff is entitled to a judgment from the Court declaring that his conduct of conviction does not implicate SORNA, and SORNA does not require his registration.

## COUNT II
### Declaratory Judgment – Void for Vagueness

51. Plaintiff incorporates the allegations set forth in paragraphs 1-50 as if set forth fully herein.

52. SORNA is void-for-vagueness under the Fifth and Fourteenth Amendments to the United States Constitution, and for these reasons Plaintiff is entitled to a judgment from the Court declaring that the statute is void-for-vagueness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Issue a declaratory judgment that SORNA's consent exemption applies to Plaintiff's conviction and obviates any registration requirements arising from that conviction;

B. Alternatively, issue a declaratory judgment that SORNA is void-for-vagueness;

C. Award to Plaintiff his cost and disbursements herein, as well as reasonable attorney's fees, if applicable; and

D. Any other relief that this Court may deem just and proper.

Dated: January 13, 2025                s/ *Kevin C. Riach*
                                                               Kevin C. Riach (MN Bar No. 389277)
(*pro hac vice pending*)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 SE Main Street, Suite 339
Minneapolis, MN 55402-1425
Telephone: (612) 203-8555
Email: kevin@riachdefense.com

Christie N Williams (TX Bar No. 00785254)
**LAW OFFICE OF CHRISTIE WILLIAMS**
3011 Dawn Drive, Suite 104
Georgetown, TX 78628
512-948-3977
Email: cwilliams@cwcrimlaw.com

***ATTORNEYS FOR PLAINTIFF***